In the matter of complaint of the OVERSEERS OF THE POOR OF GREENVILLE agt. NOAH BISHOP.

In the matter of an application by the overseers of the poor for a *certiorari*, &c., the *individual names* of the overseers should be used in the title, and in the writ.

*June Term*, 1846.

MOTION, on behalf of Noah Bishop, to supersede the writ of certiorari issued in this matter, with costs.

On the 29th of December last, Almerin Marks, Esq., a supreme court commissioner of Greene county, allowed a writ of *habeas corpus*, directed to Benton Hallock, a constable of Greenville, in the county of Greene, for the purpose of making enquiry into his authority to detain Noah Bishop in his custody. Hallock, on the same day, made return to the writ, alleging in substance that he was a constable of the county of Greene, had said Bishop in custody by virtue of a warrant issued by two justices of the peace of the county of Greene; a copy of which warrant was set forth in the return, dated December 18th, 1845; that the warrant was issued by the justices, according to the provisions of "title 3, chapter 20, part 1st, of the Revised Statutes;" and also, "an act to organize the State Lunatic Asylum, and more effectually to provide for the care, maintenance and recovery of the insane, passed April 7, 1842." After hearing the allegations of the respective parties, Marks, *the commissioner, [*196] made an order that Bishop be discharged from the custody of Hallock, the constable. The warrant, under which Hallock claimed to detain Bishop, commanded his (Bishop's) removal to the Lunatic Asylum, at Utica, as a lunatic, and was directed to the constables and *overseers of the poor* of the town of Greenville; but in no part of the proceedings before

the commissioner did it appear that Bishop was in the custody of any other person than Hallock, the constable. The order was not made to discharge Bishop from the overseers, or of any other person than Hallock, the constable. On the 13th of February last, at the February special term of this court, an order was granted *ex parte* that a *certiorari* issue to Marks, the commissioner, to remove into this court all the proceedings had before him in this matter, by which Bishop was discharged from the custody of the *overseers*, &c. The rule was granted, and the *certiorari* issued in the name and title of " The overseers of the poor of the town of Greenville." The counsel for Bishop moved to supersede the writ of *certiorari*, on the grounds : 1st. That no such proceedings had ever been had, as were recited in the rule and the writ. 2d. That the overseers of the poor were not the proper persons to sue out the writ. 3d. *That the individual names of the overseers of the poor were not used either in the writ or the rule.* 4th. That the writ was not indorsed as required by law. 5th. That it was not a proper case for the allowance of a writ of certiorari.

R. W. PECKHAM, *for motion.*

L. TREMAIN, *attorney for Bishop.*

N. HILL, JR., *opposed.*

M. SANDFORD, *attorney for Overseers.*

JEWETT, Justice. Granted the motion, with $10 costs, on the ground that the *individual names* of the overseers of the poor were not used in the rule or writ.